```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CINDY BURGER,                             :
                                          :CIVIL ACTION NO. 3:10-CV-1638
         Plaintiff,                       :
                                          :(JUDGE CONABOY)
         v.                               :
                                          :
SHOWTIME MOTOR SPORTS, INC.,              :
and ROBIN RICHARDSON,                     :
                                          :
         Defendants and                   :
         Third-Party Plaintiffs,          :
                                          :
         v.                               :
                                          :
BREWER TIRE AND AUTOMOTIVE, MUDDY         :
CREEK MOTOR SPORTS, HOLIDAY               :
KAMPER CO., d.b.a. CAMPING WORLD,         :
SHIPP'S RV CENTER,                        :
d.b.a. CAMPING WORLD RV SALES,            :
                                          :
         Third-Party Defendants.          :
                                          :
```

## **MEMORANDUM**

Here we consider the Motion for Summary Judgment of Additional Defendant, Brewer Tire and Automotive (Doc. 52). This motion seeks dismissal of all claims against Third-Party Defendant Brewer Tire and Automotive ("Brewer") by Third-Party Plaintiffs (original Defendants) Showtime Motor Sports, Inc., and Robin Richardson ("Third-Party Plaintiffs" or "Defendants") as well as Plaintiff Cindy Burger ("Plaintiff"). (Docs. 52, 57.) For the reasons discussed below, we grant the motion.

## **II. Background**

Plaintiff Cindy Burger filed this diversity action on August

6, 2010, alleging she was injured in an accident on September 22, 2009, on Interstate 81 Southbound in Lackawanna County, Pennsylvania.  (Doc. 1 ¶¶ 6, 12.)  Defendants Showtime Motor Sports and Robin Richardson owned and operated a 2007 Chevrolet Silverado with a full trailer (Navy Sim II trailer) in tow.  (Doc. 1 ¶ 6.)  Richardson was an employee of Showtime authorized to operate the vehicle.  (Doc. 1 ¶ 5.)  Plaintiff was in a construction zone along I-81 when a tire and wheel from Defendants' trailer detached from the trailer, continued to travel off the roadway into the construction zone and struck Plaintiff.  (Doc. 1 ¶ 5.)  The impact caused Plaintiff to lose consciousness and resulted in Plaintiff sustainging "severe and permanent injuries."  (Doc. 1 ¶ 6.)  Plaintiff also alleges that the dangerous condition of the trailer and its parts was known for some time prior to the time of Plaintiff's injuries and Defendants had actual or constructive knowledge of same.  (Doc. 1 ¶ 8.)

Defendants filed a two-count Third-Party Complaint against Brewer Tire and Automotive, Muddy Creek Motor Sports ("Muddy Creek"), and Camping World on August 17, 2010.[1]  (Doc. 4.)  They make the following general allegations: Brewer supplied maintenance and service to the 1990 Proco trailer attached to Defendants' 2007

---

[1] The caption has been amended to reflect that, rather than Camping World, the correct Defendants are Shipps RV Center, LLC d/b/a Camping World RV Sales and Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales.  (Docs. 30, 31.)

Chevrolet Silverado (Doc. 4 ¶ 4); Muddy Creek maintained and serviced the 1990 Proco trailer (*id.* ¶ 5); and Camping World maintained and serviced the 1990 Proco trailer.  Count I of the Third-Party Complaint alleges, *inter alia*, that Brewer was negligent for failing to properly service the trailer, for failing to properly inspect the trailer, for failing to repair the dangerous, defective, and/or deteriorated condition of the trailer, and for allowing the trailer to remain in that condition for an extended period of time.[2]  (Doc. 4 ¶ 8.)  Count II for Common Law Indemnity/Contribution alleges that if Plaintiff was injured as alleged, the injuries were caused solely and primarily by the conduct of all Third-Party Defendants such that Third-Party Defendants would be solely, jointly or severally liable.  (Doc. 4 ¶ 10.)  Third-Party Defendants add that a "Common Law and/or contractual claim is hereby made against Third-Party Defendants Brewer Tire and Automotive, Muddy Creek Motor Sports and Camping World." (*Id.*)  Defendants seek indemnity on all claims arising from the litigation as well as costs and expenses associated with the litigation.  (Doc. 4.)

All Third-Party Defendants filed cross-claims against Defendants Showtime and Richardson and other Third-Party Defendants seeking indemnification and/or contribution.  (Doc. 10 at 7-8; Doc.

---

[2] Count I does not make any specific allegations of negligence against Third-Party Defendants Muddy Creek and Camping World.

25 at 6-7; Doc. 28 at 5-6.)

The facts relevant to this motion are set out in Local Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment of Additional Defendant, Brewer Tire and Automotive (Doc. 73) and Defendants, Showtime Motor Sports, Inc. and Robin Richardson's Local Rule 56.1 Statement of Material Facts in Response to Defendant, Brewer Tire and Automotive's Statement of Material Facts in Support of Their Motion for Summary Judgment (Doc. 75). Third-Party Plaintiffs and Brewer agree that Plaintiff's claims revolve around a break of an axle, which caused a tire and rim to come loose from Third-Party Plaintiff Showtime Motor Sports, Inc.'s vehicle, impacting with Plaintiff. (Third-Party Defendant Brewer's Statement of Material facts, Doc. 73 ¶ 2; Third-Party Plaintiffs' Statement of Material Facts, Doc. 75 ¶ 2.) They further agree that, after the close of discovery, Showtime produced a Liability Expert Report authored by George H. Meinschein outlining Showtime's position on liability in the case. (Doc. 73 ¶ 4; Doc. 75 ¶ 4.) Brewer is not mentioned in the Expert Report. (Doc. 73 ¶ 5; Doc. 75 ¶ 5.) Third-Party Plaintiffs add that they had a contractual relationship with Brewer as the supplier of the tire involved in this matter and Plaintiff's expert reports from Dr. Zurad and Dr. van der Sluis provided that Plaintiff's injuries were a result of being hit by the tire and the wheel of the vehicle. (Doc. 75 ¶ 5.) This "contractual relationship" is based

upon Brewer's sale of tires to Duggins Welding, an entity related to Showtime.  (Doc. 73 ¶ 6; Doc. 75 ¶ 6.)  Brewer never saw the vehicle which had its axle break.  (Doc. 73 ¶ 7; Doc. 75 ¶ 7.)

Third-Party Plaintiffs and Brewer dispute whether Brewer sold Duggins tires before the relevant event: Brewer stating it did not (Doc. 73 ¶ 8); Third-Party Plaintiffs stating they have an invoice for August 11, 2009, that was used for the trailer in question (Doc. 75 ¶ 8).  Brewer states that no expert has indicated there is any duty on the part of Brewer, under the present set of circumstances, to inspect the axle of the vehicle, even if Brewer sold the tires ultimately used on the trailer in question.  (Doc. 75 ¶ 10.)  Third-Party Plaintiffs agree in part, stating that their expert report does not indicate a duty on Brewer's part but Plaintiff's expert report indirectly indicates that Plaintiff's alleged injuries were caused by the tire that impacted Plaintiff. (Doc. 75 ¶ 10.)  Finally, Brewer states there is no evidence that a tire sold by Brewer was actually placed on the trailer.  (Doc. 73 ¶ 11.)  Third-Party Plaintiffs state there is evidence that a tire sold by Brewer was used on the trailer at the relevant time.  (Doc. 75 ¶ 11 (citing Exh. B).)

## II. Discussion

### A. *Summary Judgment Standard*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

5

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Knabe v. Boury*, 114 F.3d 407, 410 n.4 (3d Cir. 1997)(*citing* Fed. R. Civ. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (*citing Anderson*, 477 U.S. at 248).  In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence of a genuine issue of material fact.  The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Celotex*,

6

477 U.S. at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255. Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

## *B. Brewer Tire and Automotive Motion*

Third-Party Defendant Brewer Tire and Automotive ("Brewer"), argues that summary judgment is proper because Plaintiff cannot assert a claim against Brewer pursuant to Federal Rule of Civil Procedure 14(a)(3) and Defendants cannot assert a claim against it because the lack of expert testimony is fatal to Third-Party Plaintiffs' claim against Brewer. (Doc. 57.) Plaintiff does not

argue that she asserts a claim against Third-Party Defendant Brewer.  Therefore, our discussion involves only Third-Party Plaintiffs' claim.  For the reasons discussed below, we conclude summary judgment in favor of Brewer is appropriate.

Brewer's argument in support of its motion rests on the assertion that expert testimony is necessary to establish its liability and neither Plaintiff's nor Third-Party Plaintiffs' experts have opined that Brewer had any duty which it breached or that any action or inaction on the part of Brewer causally related to Plaintiff's alleged loss.  (*See* Doc. 57 at 5-6.)  Specifically, Brewer argues that

> in the present matter the duty of a tire and automotive entity with reference to an inspection of axles is beyond the ordinary ken of laypeople.  Furthermore, an analysis as to whether or not a tire seller, even if presumed to be required to view an axle, would be expected to identify an allegedly dangerous condition of the axle is similarly a point that requires expert testimony.

(Doc. 57 at 6.)

Brewer relies upon *Anders v. Puerto Rican Cars, Inc.*, 409 F. App'x 539 (3d Cir. 2011), and *Dambacher v. Mallis*, 485 A.2d 408 (Pa. Super. 1984), abrogation on other grounds recognized by *Moroney v. General Motors Corp.*, 850 A.2d 629 (Pa. Super. 2004), cases in which the appellate courts affirmed the trial courts' decisions regarding the necessity of expert testimony where allegations relating to car inspection, service, maintenance, or

8

tire mounting were involved.  (Doc. 57 at 6-7.)

Third-Party Plaintiffs do not directly address the argument that expert testimony is needed to establish Brewer's liability. (*See* Doc. 61.)  Rather, they argue generally that Section 323 of the Restatement (Second) of Torts applies here and Brewer's role in supplying and installing the tire creates a level of liability for Brewer.[3]  (Doc. 61 at 6-7 (citations omitted).)

Section 323 of the Restatement (Second) of Torts, addresses the "Negligent Performance of Undertaking to Render Services."

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323.

Third-Party Plaintiffs maintain that here Brewer contracted with them to provide a service for the motor vehicle involved in this matter and they relied upon Brewer's skill and competence "to supply and install the tire correctly and provide a safe

---

[3] The provision of installation services referenced in Third-Party Plaintiffs' brief (Doc. 61 at 7, 8) is the installation of the tire on the wheel rim.  (*See* Doc. 61 at 7; Brewer Dep., 21:25-22:17, April 19, 2011, Doc. 61-1 at 6.)

9

environment in which to perform in their normal course of business." (Doc. 61 at 7.) Based upon this contractual relationship and reliance, Third-Party Plaintiffs conclude that "the unexpected event of the tire coming off the vehicle which is [sic] allegedly impacted the Plaintiff and caused personal harm to the Plaintiff constitutes a level of liability upon Brewer Tire and Automotive." (*Id.* at 7-8.)

Third-Party Plaintiffs also argue that Brewer should not be able to rely on the fact that Third-Party Plaintiffs' expert report does not implicate Brewer directly. (Doc. 61 at 8.) They seem to rely on the following quotation from *Dambacher* to support this assertion: "' . . . it would be unfair, where a party has relied upon a favorable ruling on evidence presented by him, to enter final judgment against him without affording him the opportunity to furnish competent proof of which he might have availed himself had the evidence submitted by him been rejected.'" (Doc. 61 at 8 (quoting *Dambacher*, 485 A.2d 408 (citing *Hershberger v. Hershberger*, 345 Pa. 439, 29 A.2d 95 (1942))).)

Brewer did not submit a reply brief and, therefore, has not argued that § 323 does not apply in this case. However, potential application of § 323 does not mean that expert testimony is not required to establish liability thereunder.

Third-Party Plaintiffs do not apply the *Dambacher* observation to the facts of this case. With the quotation provided, they

10

appear to believe they are entitled to present additional expert evidence regarding Brewer's liability.  If this is their argument, we reject it for two reasons: first, the principle quoted does not apply to the procedural posture of this case; and second, the time for discovery and submission of expert reports in this case has ended.

*Dambacher* cited *Hershberger* as an example of a case where an appellant claims a trial witness was unqualified.  485 A.2d at 414-15.  Upon such an appellate finding, the Pennsylvania Supreme Court in *Hershberger* had determined that the proper remedy was a new trial.  *Hershberger*, 29 A.2d at 97.  Here, the case is at a far earlier stage of the proceedings, and the issue is not the qualifications of the parties' experts but the substance of the expert reports.

The record shows Third-Party Plaintiffs and Brewer agree that Plaintiff's claims revolve around a break of an axle, which caused a tire and rim to come loose from Third-Party Plaintiff Showtime Motor Sports, Inc.'s vehicle, impacting with Plaintiff.  (Third-Party Defendant Brewer's Statement of Material facts, Doc. 73 ¶ 2; Third-Party Plaintiffs' Statement of Material Facts, Doc. 75 ¶ 2.)  They further agree that, after the close of discovery, Showtime produced a Liability Expert Report authored by George H. Meinschein outlining Showtime's position on liability in the case.  (Doc. 73 ¶ 4; Doc. 75 ¶ 4.)  Brewer is not mentioned in the Expert Report.

(Doc. 73 ¶ 5; Doc. 75 ¶ 5.)  Plaintiff's expert reports from Dr. Zurad and Dr. van der Sluis provided that Plaintiff's injuries were a result of being hit by the tire and the wheel of the vehicle. (Doc. 75 ¶ 5.)  No expert report or other evidence links the installation of the tire on the wheel rim to the break of the axle which experts say caused the tire and rim to come loose.  Third-Party Plaintiffs point to no evidence which makes this link.  As noted above, Third-Party Plaintiffs do not refute Brewer's argument that expert testimony would be needed to establish Brewer's liability in this case.  Therefore, Third-Party Plaintiffs have failed to meet their burden of coming forth with sufficient evidence to survive this summary judgment motion.

### III. Conclusion

For the reasons discussed above, the Motion for Summary Judgment of Additional Defendant, Brewer Tire and Automotive (Doc. 52) is granted.  Therefore, Third-Party Defendant Brewer Tire and Automotive is entitled to Judgment in its favor on Third-Party Plaintiffs' claim against Third-Party Defendant Brewer Tire and Automotive.  (*See* Third-Party Complaint, Doc. 4.)  An appropriate Order will be entered.

                                           S/Richard P. Conaboy
                                           RICHARD P. CONABOY
                                           United States District Judge

DATED: January 26, 2012