UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY BURGER, | : |
| | :CIVIL ACTION NO. 3:10-CV-1638 |
| Plaintiff, | : |
| | :(JUDGE CONABOY) |
| v. | : |
| | : |
| SHOWTIME MOTOR SPORTS, INC., | : |
| and ROBIN RICHARDSON, | : |
| | : |
| Defendants and | : |
| Third-Party Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| BREWER TIRE AND AUTOMOTIVE, MUDDY | : |
| CREEK MOTOR SPORTS, HOLIDAY | : |
| KAMPER CO., d.b.a. CAMPING WORLD, | : |
| SHIPP'S RV CENTER, | : |
| d.b.a. CAMPING WORLD RV SALES, | : |
| | : |
| Third-Party Defendants. | : |
| | : |

_____

**MEMORANDUM**

Here we consider the Motion for Summary Judgment on Behalf of Shipp's RV Center, LLC d/b/a Camping World RV Sales and Holiday Kamper Company of Columbia, LLC d/b/a/ Camping World RV Sales ("Camping World") (Doc. 53). This motion seeks dismissal of all claims against Third-Party Defendant Camping World by Third-Party Plaintiffs (original Defendants) Showtime Motor Sports, Inc., and Robin Richardson ("Third-Party Plaintiffs" or "Defendants") as well as Plaintiff Cindy Burger ("Plaintiff"). (Doc. 53.) For the reasons discussed below, we deny the motion.

## II. Background

Plaintiff Cindy Burger filed this diversity action on August 6, 2010, alleging she was injured in an accident on September 22, 2009, on Interstate 81 Southbound in Lackawanna County, Pennsylvania.  (Doc. 1  ¶¶ 6, 12.)  Defendants Showtime Motor Sports and Robin Richardson owned and operated a 2007 Chevrolet Silverado with a full trailer (Navy Sim II trailer) in tow.  (Doc. 1 ¶ 6.)  Richardson was an employee of Showtime authorized to operate the vehicle.  (Doc. 1 ¶ 5.)  Plaintiff was in a construction zone along I-81 when a tire and wheel from Defendants' trailer detached from the trailer, continued to travel off the roadway into the construction zone and struck Plaintiff.  (Doc. 1 ¶ 5.)  The impact caused Plaintiff to lose consciousness and resulted in Plaintiff sustaining "severe and permanent injuries."  (Doc. 1 ¶ 6.)  Plaintiff also alleges that the dangerous condition of the trailer and its parts was known for some time prior to the time of Plaintiff's injuries and Defendants had actual or constructive knowledge of same.  (Doc. 1 ¶ 8.)

Defendants filed a two-count Third-Party Complaint against Brewer Tire and Automotive ("Brewer"), Muddy Creek Motor Sports ("Muddy Creek"), and Camping World on August 17, 2010.[1]  (Doc. 4.)

---

[1]  The caption has been amended to reflect that, rather than Camping World, the correct Defendants are Shipps RV Center, LLC d/b/a Camping World RV Sales and Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales.  (Docs. 30, 31.)

Third-Party Plaintiffs make the following general allegations:
Brewer supplied maintenance and service to the 1990 Proco trailer
attached to Defendants' 2007 Chevrolet Silverado (Doc. 4 ¶ 4);
Muddy Creek maintained and serviced the 1990 Proco trailer (*id.* ¶
5); and Camping World maintained and serviced the 1990 Proco
trailer.  Count I of the Third-Party Complaint alleges, *inter alia*,
that Brewer was negligent for failing to properly service the
trailer, for failing to properly inspect the trailer, for failing
to repair the dangerous, defective, and/or deteriorated condition
of the trailer, and for allowing the trailer to remain in that
condition for an extended period of time.[2]  (Doc. 4 ¶ 8.)  Count II
for Common Law Indemnity/Contribution alleges that if Plaintiff was
injured as alleged, the injuries were caused solely and primarily
by the conduct of all Third-Party Defendants such that Third-Party
Defendants would be solely, jointly or severally liable.  (Doc. 4 ¶
10.)  Third-Party Defendants add that a "Common Law and/or
contractual claim is hereby made against Third-Party Defendants
Brewer Tire and Automotive, Muddy Creek Motor Sports and Camping
World."  (*Id.*)  Defendants seek indemnity on all claims arising
from the litigation as well as costs and expenses associated with
the litigation.  (Doc. 4.)

     All Third-Party Defendants filed cross-claims against

---

     [2]  Count I does not make any specific allegations of
negligence against Third-Party Defendants Muddy Creek and Camping
World.

3

Defendants Showtime and Richardson and other Third-Party Defendants seeking indemnification and/or contribution.  (Doc. 10 at 7-8; Doc. 25 at 6-7; Doc. 28 at 5-6.)

The facts relevant to this motion are set out in Concise Statement of Material Facts Pursuant to Local Rule 56.1 (on Behalf of the Camping World Third Party Defendants) (Doc. 76) and Defendants, Showtime Motor Sports, Inc. and Robin Richardson's Local Rule 56.1 Statement of Material Facts in Response to Defendant, Camping World's Statement of Material Facts in Support of Their Motion for Summary Judgment (Doc. 77).

The parties agree that the subject incident occurred when a tire detached from a trailer being pulled by a truck operated by Defendant Richardson.  (Doc. 76 ¶ 7; Doc. 77 ¶ 7.)  Specifically, "the axle of the trailer suddenly snapped as Richardson was driving through the construction zone where Plaintiff was working."  (*Id.*)  Third-Party Plaintiffs add that this incident occurred two weeks after worked on the trailer.  (Doc. 77 ¶ 7.)  Camping World replaced all four brakes on the trailer on September 2, 2009, at Defendant Richardson's request.  (Doc. 76 ¶ 7; Doc. 77 ¶ 7.)  Third-Party Plaintiffs add that Camping World "also replaced brake backing plates, seals were replaced on a brake drum and broken bolts were replaced in the spring shackle.  A bolt from the leaf spring was missing which was replaced.  There are invoices from Camping World Tire dated September 2, 2009 itemizing those

4

repairs." (Doc. 77 ¶ 8.)  Camping World replaced a leaking wheel seal on September 8, 2009.  (Doc. 76 ¶ 9; Doc. 77 ¶ 9.)  Defendant Richardson did not specifically request Camping World to inspect the trailer axles, but Third-Party Plaintiffs state that Camping World invoices show a line charge for diagnostic time.  (Doc. 76 ¶ 11; Doc. 77 ¶ 11.)

Third-Party Plaintiff's expert George H. Meinschein, P.E., reached the following conclusions:

> a.  The failure of the axle at the time of the accident was caused by the sudden and catastrophic failure of the weld that joined a spindle to the axle tube.
>
> b.  The sudden and catastrophic failure of the welded joint between the spindle and the axle tube was a latent manufacturing defect that presented no evidence of inadequate strength until it failed.
>
> c.  The defective weld that failed at the time of the accident would not have presented any evidence of impending failure during a pre-trip inspection.
>
> d.  The welded joint between the spindle and axle tube is not the subject of routine maintenance or inspection.

(Doc. 76 ¶ 13.)  Third-Party Plaintiffs agree that Defendants' expert offered this opinion but add that Plaintiff's expert offered a different conclusion: "Camping World should have observed the cracked axle end and replaced the axle.  Camping World's failure to observe the cracked axle end was a cause of the collision."  (Doc. 77 ¶ 13.)

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Knabe v. Boury*, 114 F.3d 407, 410 n.4 (3d Cir. 1997)(*citing* Fed. R. Civ. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (*citing Anderson*, 477 U.S. at 248). In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence

of a genuine issue of material fact.  The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Celotex*, 477 U.S. at 325.  The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial.  *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255.  Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

**B. *Camping World Motion***

Third-Party Defendant Camping World argues that summary judgment is proper because Plaintiff cannot assert a claim against

Camping World pursuant to Federal Rule of Civil Procedure 14(a)(3), the Third-Party Complaint does not raise a substantive claim against Camping World, and Third-Party Plaintiffs have not submitted any expert report in support of their Third-Party Complaint against Camping World.  (Doc. 53.)  Plaintiff does not argue that she asserts a claim against Third-Party Defendant Camping World, and we agree with Camping World that she is now precluded from doing so.[3]  Therefore, our discussion involves only Third-Party Plaintiffs' claim.  For the reasons discussed below, we conclude summary judgment in favor of Camping World against Third-Party Defendants is not appropriate.

Camping World asserts that, although it is not clear from the Third-Party Complaint exactly what the claim against it is, presumably Third-Party Plaintiffs claim Camping World negligently performed the repairs or negligently failed to inspect the vehicle. (Doc. 58 at 5.)  Camping World asserts that either claim must fail because Third-Party Plaintiffs have not come forward with any expert testimony in support of their claim, something they must do to create a triable issue because the axle failure "is clearly beyond the ken of an ordinary layman."  (Doc. 58 at 6 (citing *Younger v. DOT*, 744 A.2d 1276 (Pa. 2000)).)  Camping World adds that Third-Party Plaintiffs' expert report actually exonerates

---

[3]  Because Plaintiff has not asserted a claim against Camping World, there is no basis for summary judgment in favor of Camping World against Plaintiff.

Camping World in that their expert opined "that the failure of the axle at the time of the accident was sudden and unexpected and could not have been predicted based on any inspection of the axle prior to the incident."  (Doc. 58 at 7.)

We agree with Camping World that Third-Party Plaintiffs' Complaint (Doc. 4) is not precisely drafted.  We also find that Third-Party Plaintiffs' brief in opposition to Camping World's motion (Doc. 63) is far from a model of clarity and misconstrues relevant deposition testimony.  For example, Third-Party Plaintiffs state that they relied upon Camping World's "skill and competence to supply and install the tire correctly" (Doc. 63 at 7) when the record does not show that Camping World supplied and installed a tire.[4]  More importantly, Third-Party Plaintiffs provide no citation for conclusory statements unsupported by the record. Third-Party Plaintiffs state, referring to Camping World, that "[t]hey, by their admission, saw something wrong with the axle when the replacement of the wheel seals was made."  (Doc. 63 at 7.) Attached to their brief is the deposition of Eddie Wells, the

_____

[4]  Brewer Tire and Automotive supplied and installed the tire on a wheel rim provided by Third-Party Plaintiffs.  (*See* Doc. 61 at 7; Brewer Dep., 21:25-22:17, April 19, 2011, Doc. 61-1 at 6.)  On at least one occasion, Camping World put the tire and rim back on the vehicle after replacing leaking wheel seals.  (Wells Dep., 17:2-3, 19:6-9, May 5, 2011.)  However, this activity by Camping World does not appear to be the basis of the statement made in Third-Party Plaintiffs' brief in that other references to Brewer in the brief exhibit inadequate cut and paste procedures.  (*See*, *e.g.*, Doc. 63 at 6, 8.)

technician who did at least some of the work on the trailer at issue.  When asked whether he looked at the axle and component parts, Mr. Wells responded that he was "looking for oil around the seals.  I mean, as far as the axles go, the axles were there, but, as far as -- you know, I was looking for oil."  (Wells Dep., 33:16-34:5, Doc. 63-1 at 14.)  This testimony in no way supports an inference that Mr. Wells looked for or saw anything wrong with the axle.  From our review of the deposition transcript, we find no statement which would support Third-Party Plaintiffs' assertion.

Third-Party Plaintiffs criticize Camping World's expert testimony argument but do not directly refute it.  (Doc. 63 at 8.) Third-Party Plaintiffs seem to rely on the following quotation from *Dambacher* to support their criticism: "' . . . it would be unfair, where a party has relied upon a favorable ruling on evidence presented by him, to enter final judgment against him without affording him the opportunity to furnish competent proof of which he might have availed himself had the evidence submitted by him been rejected.'" (Doc. 61 at 8 (quoting *Dambacher*, 485 A.2d 408 (citing *Hershberger v. Hershberger*, 345 Pa. 439, 29 A.2d 95 (1942))).)

Third-Party Plaintiffs do not apply the *Dambacher* observation to the facts of this case.  With the quotation provided, they appear to believe they are entitled to present additional expert evidence regarding Camping World's liability.  If this is their

10

argument, we reject it for two reasons: first, the principle quoted does not apply to the procedural posture of this case; and second, the time for discovery and submission of expert reports in this case has ended.

*Dambacher* cited *Hershberger* as an example of a case where an appellant claims a trial witness was unqualified.  485 A.2d at 414-15.  Upon such an appellate finding, the Pennsylvania Supreme Court in *Hershberger* had determined that the proper remedy was a new trial.  *Hershberger*, 29 A.2d at 97.  Here, the case is at a far earlier stage of the proceedings, and the issue is not the qualifications of the parties' experts but the substance of the expert reports.

Despite Third-Party Plaintiffs' inadequate argument and inartful pleading, we conclude based on our review of the record as a whole, that summary judgment is not proper in this case.  First, we conclude the Third-Party Plaintiffs' Complaint states a claim against Camping World.  It asserts that "Camping World maintained and serviced the 1990 Proco Navy simulator trailer attached to Defendant, Robin Richardson's, 2007 Chevrolet Silverado" (Doc. 4 ¶ 6) and contains a claim for Common Law Indemnity/Contribution which states that Third-Party Defendants' liability is based on "Plaintiff's Cause of Action and/or Common Law and/or contractual" (*id.* at 5-6).  Minimally, the Third-Party Complaint gave Camping World notice that it was being joined based on maintenance and

11

service of the trailer involved in the accident which occurred on September 29, 2009--the subject of the suit filed by Plaintiff Cindy Burger on August 6, 2010.  (*See* Doc. 4.)

Regarding the need for expert testimony and Third-Party Plaintiffs' failure to come forward with any expert testimony in support of their claim, we agree with Camping World that such testimony is needed and that Third-Party Plaintiffs' expert exonerates rather than implicates Camping World.  Nowhere in their brief opposing summary judgment do Third-Party Plaintiffs point to any evidence implicating Camping World.  However, in their counter-statement of material facts, Third-Party Plaintiffs note that "Plaintiff's expert, Steven Becker of Robson Forensic, Inc. concluded in relevant part, 'Camping World should have observed the cracked axle end and replaced the axle.  Camping World's failure to observe the cracked axle end was a cause of the collision.'"  (Doc. 77 ¶ 13.)  If the Court considers this "cited material[]" which must be included in consideration of a summary judgment motion, Fed. R. Civ. P. 56(c)(3), then we must conclude that some expert testimony supporting Third-Party Plaintiffs' position exists in the record.  This undermines Camping World's argument that it is entitled to summary judgment based on the lack of expert testimony implicating its responsibility in this case.  Therefore, making every inference in favor of the non-moving party, *see Conoshenti*, 364 F.3d at 140, summary judgment in favor of

12

Camping World is not appropriate.

### **III.   Conclusion**

    For the reasons discussed above, the Motion for Summary Judgment on Behalf of Shipp's RV Center, LLC d/b/a Camping World RV Sales and Holiday Kamper Company of Columbia, LLC d/b/a/ Camping World RV Sales ("Camping World") (Doc. 53) is denied.

An appropriate Order will be entered.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

DATED: January 30, 2012